FILED
February 03, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
             DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PAITRIX CO. LTD., § | |
| Plaintiff, § | |
| v. § | CIVIL NO. 6:23-CV-00005-OLG-DTG |
| PATSNAP PTE, LTD., § | |
| Defendant. § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Derek T. Gilliland's Report and Recommendation (R&R), filed December 18, 2024, concerning Defendant's "Motion to Dismiss for Failure to State a Claim and Motion to Stay the Case Pending the Court's Ruling on Defendant's Motion to Dismiss" (Dkt. No. 36). (*See* R&R, Dkt. No. 65.)

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within fourteen days. FED. R. CIV. P. 72(b)(2). Defendant, through counsel, was electronically served with a copy of the R&R on December 18, 2024, and timely filed its objections on January 2, 2025 (*see* Dkt. No. 68). Plaintiff filed its response to Defendant's objections on January 16, 2025 (*see* Dkt. No. 69).

When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Objections must be specific; frivolous, conclusory, or general objections need not be considered by the district court. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Any portions of the

Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

Upon a de novo review of all matters raised therein, the Court finds that Defendant's objections should be and hereby are overruled. Although a court may judicially notice matters of public record in deciding a motion to dismiss, it is not required to do so. *See* FED. R. CIV. P. 201(b) (providing for judicial notice of facts "not subject to reasonable dispute"); *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1327–28 (Fed. Cir. 2010) ("The recording of an assignment with the PTO is not a determination as to the validity of the assignment."); *see also Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*, No. 6:19-CV-00059-RWS, 2022 WL 1498784, at *3–4 (E.D. Tex. Mar. 18, 2022), *aff'd sub nom. Lone Star Tech. Innovations, LLC v. Asus Computer Int'l*, No. 2022-1769, 2024 WL 5182885 (Fed. Cir. Dec. 20, 2024). Additionally, to the extent there are any portions of the R&R to which Defendant has not objected, they are neither clearly erroneous nor contrary to law.

The Court therefore **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 65) and, for the reasons set forth therein, Defendant's Motion to Dismiss for Failure to State a Claim and Motion to Stay (Dkt. No. 36) is **DENIED IN PART** and **DENIED AS MOOT IN PART**. Specifically, Defendant's untimely request for dismissal is **DENIED** without prejudice to re-urging at summary judgment and Defendant's request for a stay is **DENIED AS MOOT**.

It is so **ORDERED**.

**SIGNED** this 4 day of February, 2025.

_____
ORLANDO L. GARCIA
United States District Judge